# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: LISA M. YORK-COX | ) | |
| SSN: xxx-xx-4234 | ) | Case No.: 13-83227-CRJ-7 |
| | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| _____ | ) | |

## TRUSTEE'S MOTION TO COMPEL TURNOVER
## OF DOCUMENTS AND INFORMATION

COMES NOW, Tazewell T. Shepard, Trustee in the above-captioned bankruptcy case, and respectfully represents:

### I. Background

1. On October 18, 2013 (the "Filing Date"), Lisa M. York-Cox (the "Debtor") filed a voluntary bankruptcy petition under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Bankruptcy Court").

2. On December 5, 2014 the case was converted to a voluntary Chapter 7 Bankruptcy case and Tazewell T. Shepard was appointed by the Bankruptcy Court as the duly qualified Trustee and continues to serve in this capacity.

3. Upon information and belief, Debtor is an heir of her deceased mother's estate.

4. Upon information and belief, decedent's estate included, *inter alia*, real property located in Bermuda.

5. Upon information and belief, Debtor inherited, *inter alia*, an interest in the real property in Bermuda.

6. Trustee has made several requests for information from Debtor, seeking all information regarding the decedent's estate, the debtor's inheritance, the name of the executor of the Will, list of heirs, and the value of real property. The information sought would provide the Trustee adequate facts to access the potential value of the decedent estate and administer any asset of sufficient value to benefit creditors.

7. Neither Debtor, nor her counsel have provided any documents responsive to Trustee's requests. Debtor's counsel has only indicated, as of April 2021, that a "relative has

Case 13-83227-CRJ7    Doc 94    Filed 12/06/21    Entered 12/06/21 17:32:45    Desc Main
Document    Page 1 of 3

now offered to buy out the debtor's interest in the real estate for $135,000.00. Debtor and her attorney in Bermuda continue to negotiate with the potential buyer."

8. To date, Debtor has failed to fully comply with the Trustee's requests and has not provided any information as to probate of the estate. Debtor has also failed to provide any proof or information that anyone has qualified as Executor of the Decedent Estate or that an accounting has been filed with the Commissioner of Accounts.

9. The Trustee seeks the immediate turnover by the Debtor of the previously requested documents, probate information and estate accounting; including the turnover of any account balances remaining in any financial institutions used by the deceased, all information regarding the decedent's estate, all information regarding real property of the decedent's estate, and contact information for the personal representative of decedent's estate.

10. Trustee has no direct knowledge that a probate estate has been opened for the decedent estate, nor the identity of the personal representative of the probate estate. Trust also has no contact information or even the identity of Debtor's attorney in Bermuda handling the negotiations for the sale of the real estate. Trustee is confident the Debtor should have possession of and/or the ability to gain access to the documents and information requested.

## II. Jurisdiction and Notice

11. The Trustee brings this motion for turnover against the Debtor (this "Motion") pursuant to §§ 521(4) and 542(a) and (e) of the Bankruptcy Code. This Motion is a contested matter under Bankruptcy Rule 9014.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 in that this proceeding arises and relates to the above-described Chapter 7 bankruptcy case. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

13. Pursuant to Bankruptcy Rule 2002, the Trustee proposes to serve a copy of this Motion upon the Bankruptcy Administrator, the Debtor's attorney, all creditors, and all parties requesting notice.

14. Pursuant to Bankruptcy Rule 2002, the Trustee proposes that the Bankruptcy Court provide no less than 20 days' notice by mail to persons described in the preceding paragraph of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

## III. Relief Requested

WHEREFORE, the Trustee prays that this Court will enter an Order (1) Directing Debtor to immediately turnover and deliver possession of the above requested documents, including all information regarding the decedent's estate, real property owned by the estate, and information regarding the estate's bank funds to the Trustee, or face sanctions by the Court; and (2) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this the 6th day of December 2021.

    /s/ Tazewell T. Shepard
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys to Trustee in Bankruptcy*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837
taze@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 6th day of December 2021 served the foregoing document upon all addressees on the Clerk's Mailing Matrix, Richard M. Blythe, Office of the Bankruptcy Administrator, and all parties requesting notice, by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

    /s/ Tazewell T. Shepard
Tazewell T. Shepard